UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY A. MOORES,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:14-cv-2243-EFB<br><br><br><br>ORDER |

Plaintiff moves for an award of attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). ECF No. 23. She seeks attorney fees in the total amount of $8,044.97 based on 17.6 hours of work at the rate of $190.06 for work performed in 2014, and 24.7 hours at the rate of $190.28 for work performed in 2015 and 2016. *See* ECF No. 23-2 at 3-5. She also seeks $421.78 in costs. Defendant argues that plaintiff is not entitled to reasonable attorney fees under the EAJA because defendant's position was substantially justified. ECF No. 25. Alternatively, she argues that the number of hours sought is unreasonable and should be reduced accordingly. *Id.*

I.     Substantial Justification

The EAJA provides that a prevailing party other than the United States should be awarded fees and other expenses incurred by that party in any civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or

1

that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1). "[T]he 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) (citing 28 U.S.C. § 2412(d)(2)(D) and *Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990) (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions")). Therefore, the court "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir.1988). The burden of establishing substantial justification is on the government. *Gutierrez*, 274 F.3d at 1258 (9th Cir. 2001).

A position is "substantially justified" if it has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988); *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002). Substantially justified has been interpreted to mean "justified to a degree that could satisfy a reasonable person" and "more than merely undeserving of sanctions for frivolousness." *Underwood*, 487 U.S. at 565; *see also Marolf*, 277 F.3d at 161. The mere fact that a court reversed and remanded a case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified." *Kali*, 854 at 335; *see also Lewis v. Barnhart*, 281 F.3d 1081, 1084-86 (9th Cir. 2002) (finding the defense of an ALJ's erroneous characterization of claimant's testimony was substantially justified because the decision was supported by a reasonable basis in law, in that the ALJ must assess the claimant's testimony and may use that testimony to define past relevant work as actually performed, as well as a reasonable basis in fact, since the record contained testimony from the claimant and a treating physician that cast doubt on the claimant's subjective testimony); *Le v. Astrue*, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (finding that the government's position that a doctor the plaintiff had visited five times over three years was not a treating doctor, while incorrect, was substantially justified since a nonfrivolous argument could be made that the five visits over three years were not enough under

/////

2

the regulatory standard especially given the severity and complexity of plaintiff's alleged mental problems).

However, when the government violates its own regulations, fails to acknowledge settled circuit case law, or fails to adequately develop the record, its position is not substantially justified. *See Gutierrez*, 274 F.3d at 1259-60; *Sampson v. Chater*, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding that the ALJ's failure to make necessary inquiries of the unrepresented claimant and his mother in determining the onset date of disability, as well as his disregard of substantial evidence establishing the same, and the Commissioner's defense of the ALJ's actions, were not substantially justified); *Flores v. Shalala*, 49 F.3d 562, 570, 572 (9th Cir. 1995) (finding no substantial justification where ALJ ignored medical reports, both in posing questions to the VE and in his final decision, which contradicted the job requirements that the ALJ deemed claimant capable of performing); *Corbin v. Apfel*, 149 F.3d 1067, 1053 (9th Cir. 1998) (finding that the ALJ's failure to determine whether the claimant's testimony regarding the impact of excess pain she suffered as a result of her medical problems was credible, and whether one of her doctors' lifting restrictions was temporary or permanent, and the Commissioner's decision to defend that conduct, were not substantially justified); *Crowe v. Astrue*, 2009 WL 3157438, *1 (E.D. Cal. Sept. 28, 2009) (finding no substantial justification in law or fact based on ALJ's improper rejection of treating physician opinions without providing the basis in the record for so doing); *Aguiniga v. Astrue*, 2009 WL 3824077, *3 (E.D. Cal. Nov. 13, 2009) (finding no substantial justification in ALJ's repeated mischaracterization of the medical evidence, improper reliance on the opinion of a non-examining State Agency physician that contradicted the clear weight of the medical record, and improperly discrediting claimant's subjective complaints as inconsistent with the medical record).

The court granted plaintiff's motion for summary judgment and remanded the matter to the Commissioner for further proceedings, finding that the ALJ failed to adequately consider an opinion from plaintiff's treating physician, Dr. Hynote. ECF No. 21. In rejecting Dr. Hynote's opinion, the ALJ made several errors. Most notably, the ALJ failed to acknowledge that Dr. Hynote provided a treating source opinion. The ALJ acknowledged that Dr. Hynote signed an

3

| | |
|---|---|
| 1 | RFC questionnaire completed by a nurse practitioner, which indicated the physician's agreement |
| 2 | with the nurse's assessment. But rather than accepting that assessment as the opinion of Dr. |
| 3 | Hynote, the ALJ treated it as a lay opinion and concluded that it should be given less weight than |
| 4 | a treating physician's opinion because it was provided by a nurse practitioner and not an |
| 5 | acceptable medical source. |
| 6 | The ALJ's other reasons for rejecting the treating opinion were either contrary to evidence |
| 7 | or settled law. Without explanation the ALJ concluded, without citation to any evidence in the |
| 8 | record, that Dr. Hynote's opinion was not supported by objective medical evidence. Not only |
| 9 | was this conclusory reason legally insufficient, but as previously explained by this court, medical |
| 10 | evidence supported Dr. Hynote's opinion. *See* ECF No. 21 at 9; *see also Regenniter v. Comm'r* |
| 11 | *of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) ("The ALJ must do more than offer his |
| 12 | own conclusions. He must set forth his own interpretation [of the evidence] and explain why he, |
| 13 | rather than the doctors, are correct."). In the same vein, the ALJ concluded that plaintiff's daily |
| 14 | activities were inconsistent with an inability to work, but failed to identify any specific activity |
| 15 | that was inconsistent with Dr. Hynote's opinion that plaintiff's impairments precluded work. As |
| 16 | observed by this court, plaintiff's reported activities were limited and not at odds with Dr. |
| 17 | Hynote's assessed limitations. ECF No. 21 at 10-11. |
| 18 | Given that the ALJ's findings were contrary to the evidence of record and the proper legal |
| 19 | standards were not applied, the Commissioner's position was not substantially justified. *See* |
| 20 | *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) ("The government's position must be |
| 21 | substantially justified at each state of the proceedings."); *see also Meier v. Colvin*, 727 F.3d 867, |
| 22 | 872 (9th Cir. 2013) ("A holding that the agency's decision was unsupported by substantial |
| 23 | evidence is a strong indication that the position of the United States was not substantially |
| 24 | justified."); *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("[I]t will be only a |
| 25 | 'decidedly unusual case in which there is substantial justification under the EAJA even though |
| 26 | the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in |
| 27 | the record.'"). |
| 28 | ///// |

II.     Reasonableness of Fee Request

The Commissioner also argues that the number of hours counsel expended in litigating this case was unreasonable.[1] ECF No. 25 at 8-12. The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate and the results obtained. *See Comm'r, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. *Hensley*, 461 U.S. at 434. An award of fees should be properly apportioned to pursuing the stages of the case in which the government lacked substantial justification." *Corbin*, 149 F.3d 1053; *Flores*, 49 F.3d at 566-71.

Here, defendant does not object to plaintiff's hourly rate but contends that the number of hours expended by plaintiff's counsel was unreasonable. ECF No. 25 at 8-12. First, defendant argues that the plaintiff improperly seeks attorney's fees for counsel's performance of clerical tasks. *Id*. at 9. The Ninth Circuit has explained that "[i]t simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost." *Davis v. City & County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1993). "It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). "[C]osts associated with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate, and are not properly reimbursable." *Bakwell v. Astrue*, 2013 WL 638892, at * 3 (D. Or. Jan. 9, 2013) (citing *Jenkins*, 491 U.S. at 288 n.10); *see also Nadarajoh v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (reducing hours billed at paralegal rate for the performance of clerical work).

/////

---

[1] The Commissioner does not dispute that plaintiff is entitled to $421.78 in costs.

According to defendant, plaintiff improperly seeks 3 hours of compensation for "downloading and filing documents from ECF/Pacer, preparing pre-printed forms such as summons forms, preparing certificates of service, mailing, scheduling and calendaring, and the paralegal task of 'setting up' and EAJA petition." ECF No. 25 at 9. Defendant's argument is based largely on a misreading of plaintiff's counsel's billing records. While plaintiff's counsel's billing records do include entries for clerical work, many of which are designated as paralegal tasks, the billing records also reflect that plaintiff does not seek compensation for the performance of such tasks. *See* ECF No. 23-2 at 3-4. The billing entries for tasks identified as "paralegal" are billed at a rate of $0.00 an hour, and the hours spent on such tasks are not included in the total number of hours requested. *Id*. However, the court's review of the billing records reveals that plaintiff seeks compensation for a task that could have been performed by clerical staff. Plaintiff seeks .6 hours of attorney time to "finalize complaint; file with USDC for East Dist. Calif. Via ECF." The tasks described in this entry could have been completed by clerical staff and, accordingly, the court will reduce plaintiff's request by .6 hours for work performed in 2016.

Defendant next argues that plaintiff impermissibly seeks compensation for unnecessary research. ECF No. 25 at 10-11. Defendant contends that plaintiff seeks 10 hours of compensation for researching basic and common social security issues, including 2.2 hours on "issue of medically determinable impairment," 2.5 hours on "controlling or greater weight to treating source medical opinion," 2.4 hours on "issue of substantial evidence, ruling 96-2p," and .5 hours on the standard for EAJA petitions. While it might be generically said that these issues are common to most social security cases, that assertion ignores the nuances that arise with each individual case. Even with common medical diagnoses, each case presents different medical issues and records, different symptoms and sequela, different treatment options and complications, different responses to treatment, and necessarily—different impacts on ability to perform work functions. Each of these variables also invokes different legal issues that arise in how to analyze those medical issues in the context of the Commissioner's regulations and the sequential analysis and the caselaw. The court cannot find that the relatively few hours counsel spent researching each particular issue, which were undoubtedly relevant to plaintiff's case, were

6

unnecessarily performed. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (noting that "a competent lawyer won't rely entirely on last year's, or even last month's, research: Cases are decided; statutes are enacted; regulations are promulgated," and that "[i]t must be kept in mind that lawyers are unlikely to spend unnecessary time on contingency fee cases in the hope of inflating fees. The payoff is too uncertain.").

Defendant also contends that plaintiff's counsel unreasonably seeks fees for 1.8 hours researching "issue of medical evidence post-Daubert, FRE in context of ALJ/AC duty to make full and fair inquiry, APA standards." ECF No. 25 at 11. Although plaintiff's motion for summary judgment did not contain an argument related to this research, that fact does not demonstrate that the research was unnecessarily performed. Instead, it merely indicates that counsel researched an issue she believed had the potential to benefit her client, but for one reason or another ultimately concluded that it was best not raise the issue in her motion. There is no reason presented by this record to question counsel's judgment to expend a brief amount of time researching an issue to determine whether it could have ultimately proved beneficial to her client. That is the very essence of lawyering. *See Moreno*, 534 F.3d at 1112 ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker."); *Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.").

Lastly, defendant argues that plaintiff's counsel unreasonably spent 2 hours performing various tasks that could not be billed to a client, including consulting with a senior colleague about plaintiff's case, giving plaintiff excessive updates for procedural events, and placing a phone call to defense counsel to request an extension of time. ECF No. 25 at11-12. Review of counsel's billing records does not establish that counsel provided plaintiff excessive updates. Instead, the records reflect that updates were provided as the case progressed. *See* ECF No. 23-2 at 3-5. Further, the two consultations with a senior colleague, which totaled 1.3 hours, does not appear unreasonably especially in light of the outcome of this case. It can reasonably be assumed that absent the advice provided from the colleague, counsel would have expended additional time

conducting research to learn the information that was provided. As for the .1 hour communicating with defendant's counsel regarding an extension of time, performance of that task was not only reasonable but also required by the court's local rules. E.D. Cal. L.R. 144(c) (requiring parties to seek a stipulation to an extension of time prior to filing an ex parte motion for an extension).

However, as argued by defendant, plaintiff does impermissibly seek compensation for .1 hour spent drafting an email to Westlaw regarding the reporting of the order granting plaintiff's motion for summary judgment. While counsel may have a good reason for wanting the order to be published, pursuing this objective was not necessary to plaintiff's case and the government should not foot the bill for this endeavor. Accordingly, the hours expended will be reduced by .1 hour for work performed in 2016.[2]

Accordingly, the court will reduce the amount sought by .7 hours for work performed in 2016.

III. Payment of Fees to Plaintiff

Defendant requests that any fee award be made to plaintiff. *Astrue v. Ratliff*, 560 U.S. 586 (2010) requires fees awarded under the EAJA to be paid directly to the litigant. However, courts in this district regularly order payment directly to counsel so long as plaintiff does not have a debt that is subject to offset and the plaintiff assigned her right to EAJA fees to counsel. *See, e.g., Allen v. Colvin*, 2014 WL 6901870 at *3 (E.D. Cal. 2014); *Knyazhina v. Colvin*, 2014 WL 5324302 at *3 (E.D. Cal. 2014); *Louis v. Astrue*, 2012 WL 92884 at *7 (E.D. Cal. 2012); *Burnham v. Astrue*, 2011 WL 6000265 at *2 (E.D. Cal. 2011); and *Calderon v. Astrue*, 2010 WL 4295583 at *8 (E.D. Cal. 2010). Here, plaintiff assigned her right to EAJA fees to her attorney. ECF No. 23-1. Accordingly, should plaintiff not have a debt subject to offset, the award of fees shall be paid directly to counsel.

/////

---

[2] Defendant also contends that counsel is not entitled to compensation for time spent informing plaintiff's parents about the outcome of this case, which purportedly occurred on March 30, 2016. ECF No. 25 at 12. Counsel's billing records, however, do not include an entry for the performance of this task.

IV. Conclusion

Based on the foregoing, the court finds that the plaintiff's counsel reasonably spent 17.6 hours in 2014, at a rate of $190.06, and 24 hours in 2015 and 2016, at a rate of $190.28, litigating this case. Plaintiff is also entitled to costs in the amount of $421.78. Accordingly, the court finds that counsel is entitled to $8,333.56 in attorney's fees and costs.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for attorney's fees (ECF No. 23) is granted in part;

2. Plaintiff is awarded attorney's fees under the EAJA in the amount of $7,911.77, plus $421.78 for costs, for a total award of $8,333.56;

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to plaintiff and delivered to plaintiff's counsel, unless plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that plaintiff does not owe a federal debt, the government shall accept plaintiff's assignment of EAJA fees and pay fees directly to plaintiff's counsel.

DATED: October 3, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE